# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>3931 Rosette Drive,<br>Grove City, Ohio 43213 | )<br>)<br>)  Case No. 2:18-mj-897<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
3931 Rosette Drive, Grove City, OH, being a two story, single family residence with blue/grey siding with white trim, brick around the front door entry way, a white garage with the numerals '3931' affixed to a white pillar on the left side of the front porch and all persons, garages, outbuildings, and vehicles within the curtilage thereof, located at 3931 Rosette Drive, Grove City, Ohio..

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A, incorporated by reference herein

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Violated 21 USC 846; Did knowingly and intentionally, conspire to possess with intent to distribute in excess of 100 grams of heroin |

The application is based on these facts:
See attached Affidavit.

☒ Continued on the attached sheet.
☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Nick Eichenlaub, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 12/12/2018

_____
Judge's signature

City and state: Columbus, Ohio

U.S. Magistrate Judge Chelsey Vascura
Printed name and title

## AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANTS

I, Nicholas A. Eichenlaub, (hereafter referred to as affiant) being duly sworn depose and state:

## INTRODUCTION

I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C. § 2516. Your affiant has been employed by the DEA since March, 2012. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878.

Prior to being employed by the DEA your affiant was employed by the City of Elyria Police Department located in Elyria, Ohio from April, 2006 until March, 2012. During this time, your affiant has accumulated the following training and experience:

(a) I graduated from the DEA Academy located at the FBI Academy, Quantico, Virginia. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations and various forensic subjects including latent fingerprint collection and analysis.

(b) During the course of my law enforcement career I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records, narcotics and proceeds of trafficking in controlled substances. I am also aware that narcotics traffickers often carry firearms to protect themselves, narcotics and narcotic proceeds.

(c) As a DEA agent and police officer, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous arrests for drug related offenses. I have drafted numerous federal DEA search warrants.

(d) As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801.

(e) During the course of my law enforcement career, I have completed the following training; Ohio Police Officer Basic Training Program (August, 2006), Advanced Detection, Apprehension

and Prosecution of persons under the influence (July, 2006), Criminal Patrol / Highway Interdiction (June, 2008), USDOJ FBI Police Basic SWAT School (October, 2008).

The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

1. On or about May 7, 2018, members of the DEA Cleveland District Office and the Lorain Police Department interviewed a cooperating defendant who was arrested while in possession of approximately ½ kilogram of cocaine. During the course of the interview, the cooperating defendant stated that he/she had previously purchased kilogram quantities of cocaine from two Mexican males and that he/she was selling the cocaine on behalf of the two Mexican males, one of which was identified as Jaime RENTERIA. The cooperating defendant stated the Mexican males used phone number 614-648-3155 to conduct the cocaine business with him/her.

2. The same cooperating defendant gave investigators consent to search his/her cell phone. During the search of the cell phone, investigators observed text messages with 614-648-3155 that were consistent with drug trafficking. One such text message discussed payment for a previously purchased kilogram of cocaine. The cooperating defendant further stated when he/she needed to purchase more cocaine, the Mexican males would transport the cocaine to his/her location, and then he/she would transport the cocaine to the Northern Ohio area to distribute.

3. On or about May 16, 2018, the cooperating defendant told investigators the Mexican males, using a new telephone number, 614-323-2002, contacted him/her to request payment for cocaine that was given to the cooperating defendant previously.

4. Members of the DEA Cleveland District Office obtained a GPS "ping" order, also known as a "precision location of mobile device", for phone number 614-323-2002. Subsequently, location information for the user of phone number 614-323-2002 showed the user to be located in the Columbus, OH area. Members of the DEA Cleveland District Office provided this information to DEA Columbus, as well as identifying information on the vehicle driven by the Mexican male drug traffickers. The vehicle information provided was a tan colored Chevrolet Malibu bearing Ohio registration HKR1794, currently registered to Vazquez Services at 1704 Cleveland Ave, Columbus, OH. Your Affiant knows, through training and experience, that drug traffickers commonly register vehicles in names other than their own for purposes of evading identification from law enforcement.

5. Members of the DEA Columbus District Office conducted surveillance with the assistance of GPS location information for 614-323-2002, and subsequently identified the Chevrolet Malibu bearing Ohio registration HKR1794 was being parked inside a garage located at 4676 Grandover Drive, Columbus, OH. Database checks revealed a resident of that address to be RENTERIA, who was subsequently identified by the cooperating defendant as one of the Mexican males trafficking cocaine. Database checks also revealed the Chevrolet Malibu bearing Ohio registration HKR1794 was previously registered to RENTERIA, shortly before being registered to Vazquez Services.

6. Members of the DEA Columbus District Office conducted surveillance of RENTERIA on multiple occasions. During surveillance, the Chevrolet Malibu was observed driving indirect routes often to different locations. These routes varied from residential streets with little traffic to busy streets with heavy traffic, making covert surveillance difficult to maintain. The Chevrolet Malibu was also observed making U-turns on main roads. Your Affiant knows, through training and experience, that drug traffickers often drive in such a manner to determine if they are being surveilled and to thwart law enforcement efforts to follow them with physical surveillance. Based on RENTERIA's driving, surveillance officers lost sight of him each time.

7. On or about September 26, 2018, investigators established surveillance in the area of 3931 Rosette Drive, Grove City, Ohio. Investigators observed RENTERIA and an unknown female enter the front door of the residence. During this time a court authorized geo-locate "ping" showed that a telephone being used by RENTERIA was within 12 meters of 3931 Rosette Drive. Investigators observed a white Honda Accord bearing Ohio registration HLP4268, exit the garage of 3931 Rosette Drive. During this time the "ping" traveled with the Honda. Investigators later lost surveillance of the Honda due to the Honda driving slowly down streets with little or no traffic.

8. On October 16, 2018, investigators RENTERIA exit 3931 Rosette Drive, Grove City, Ohio and walk around the block looking at vehicles parked in the area prior to returning to the residence. Investigators later observed RENTERIA exit the residence and enter a Chevy Silverado bearing Ohio registration HHH6019 with an unknown female and depart the area. Database checks show the Chevy Silverado is registered to RENTERIA at 3931 Rosette Drive, Grove City, Ohio.

9. On or about October 19, 2018, investigators observed a silver or white BMW bearing Ohio registration HLP-4012 arrive at a residence in Columbus, Ohio. Investigators observed RENTERIA exit the driver's side of the vehicle and an unknown Hispanic male exit the passenger side of the vehicle. Investigators received information from the cooperating defendant that Julius RUFFIN was inside the residence and had purchased approximately 120 grams of heroin from RENTERIA and the unknown male inside the residence. Investigators observed RENTERIA and the unknown male exit the residence, enter the BMW and depart the area. Shortly after RENTERIA and the unknown male departed, investigators observed RUFFIN exit

the residence, enter his vehicle and depart the area. A traffic stop was later conducted on RUFFIN resulting in the seizure of approximately 120 grams of heroin.

10. On December 12, 2018, investigators established surveillance in the area of 3931 Rosette Drive, Grove City, Ohio. Investigators observed a Chevy Silverado bearing Ohio registration HHH6019 parked in the driveway of 3931 Rosette Drive, Grove City, Ohio. Database checks revealed that this vehicle is still registered to RENTERIA at 3931 Rosette Drive, Grove City, Ohio.

11. On December 12, 2018, investigators observed a tan Chevy Tahoe, bearing Ohio registration HBE2325, registered to Jaime RENTERIA at 3931 Rosette Drive, Grove City, Ohio, exit the garage of 3931 Rosette Drive, Grove City, Ohio. Investigators lost sight of the vehicle and later located the vehicle on Morse Road traveling eastbound. Ohio State Highway Patrol (OSHP) Trooper Mike Rucker observed the Tahoe commit a marked lanes violation on Morse Road near Karl Road. OSHP Trooper Rucker initiated a traffic stop on the Tahoe as it turned northbound onto Karl Road from Morse Road. The Tahoe initially came to a stop, as Trooper Rucker exited his marked patrol vehicle, the Tahoe pulled away. Trooper Rucker followed the Tahoe with his lights and siren activated as it traveled northbound on Karl Road. The Tahoe turned eastbound on Red Robin Road and slowly stopped. The driver of the vehicle, Jaime RENTERIA and passenger, Christopher GAMBOA were placed into custody. Trooper Rucker smelled a strong odor of marijuana coming from the vehicle. Based on your Affiant's training and experience drug traffickers often stop their vehicles briefly and then continue traveling to create time and space in order to remove evidence (i.e. narcotics, cell phones and other evidence linking them to a crime) from their vehicle. SA Eichenlaub and OSHP Trooper Wilson began walking the street to see if anything was thrown from the vehicle during the pursuit prior to the Tahoe stopping. SA Eichenlaub and Trooper Wilson located a clear plastic bag containing approximately 100 grams of suspected heroin in the mulch on the north side of Red Robin and Karl Road.

12. Your Affiant believes, based on the facts contained in this affidavit, that there is probable cause to believe that RENTERIA, maintains heroin, controlled substances, paraphernalia, records, financial documents, U.S. Currency, address books and other items detailed in attachment A, in violation of Title 21 USC 846, at the following location:

**3931 Rosette Drive, Grove City, Ohio**

_____
Nick Eichenlaub
Special Agent
Drug Enforcement Administration

Subscribed and Sworn before me
This 12th of December, 2018 in Columbus, Ohio

_____
Honorable Chelsey Vascura
U.S. Magistrate Judge
Southern District of Ohio

**ATTACHMENT A**

(a) Log books, records, payment receipts, notes, and/or customer lists, ledgers, shipping labels and other papers relating to the transportation, ordering, purchasing, processing, storage and distribution of controlled substances, including all records of income and expenses;

(b) Papers, tickets, notices, credit card receipts, travel schedules, travel receipts, passports, and other items relating to travel to obtain and distribute narcotics and narcotics proceeds. Evidence of such travel is often times maintained by narcotics traffickers in the form of airline receipts, bus tickets, automobile rental receipts, credit card receipts, travel schedules, diaries, day planners, hotel receipts, logs, travel agency vouchers, notes, cellular telephone tolls and records of long distance telephone calls;

(c) Books, records, invoices, receipts, records of real estate transactions, auto titles, federal, state, and city income tax returns financial statements, bank statements, cancelled checks, deposit tickets, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money;

(d) Electronic equipment and their contents, utilized to contact coconspirators and/or containing information related to the transportation, ordering, purchasing, processing, storage and distribution of controlled substances, and the proceeds there from, including but not limited to pagers (digital display beepers), telephone answering machines, electronic data organizers, telephone caller identification boxes, video and audiocassette tapes, compact discs and any stored electronic communications contained therein;

(e) Cellular telephone(s) and/or portable cellular telephone(s) and any stored electronic communications contained therein;

1

(f) United States currency, precious metals, jewelry, gold coins, and financial instruments, including, but not limited to, stocks and bonds;

(g) Photographs of coconspirators, assets and/or narcotics, including still photos, negatives, videotapes, films, slides, undeveloped film, memory cards and the contents therein;

(h) Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and fax numbers of coconspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

(i) Indicia of occupancy, residency, rental and/or ownership of the premises described above or vehicles located thereon, including, but not limited to, utility and telephone bills, cancelled envelopes, keys, deeds, purchase lease agreements, land contracts, titles and vehicle registrations;

(j) The opening, search and removal, if necessary, of any safe or locked receptacle or compartment, as some or all of the property heretofore may be maintained;

(k) All firearms and ammunition;

(l) Computer system hardware, including, but not limited to word processing equipment, modems, monitors, printers, plotters, encryption circuit boards, optical scanners, and other computer related devices, and software, including floppy disks and any other medium which is capable of storing magnetic tape or optical coding, software programs, and any other programs, or software used to communicate with computer hardware or peripherals either directly or indirectly via telephone lines, radio, or other means of transmission, computer manuals relating to the operation of a computer system, computer software, and/or any related device relating to but not limited to the purchase, transportation, ordering, sale and distribution of illegal controlled substances and/or records, relating to the receipt and disposition of the proceeds from the distribution of illegal controlled substances;

(m)   Narcotics and other controlled substances;

(n)   Any other items which constitute evidence of the crimes of 21 U.S.C. §846 (conspiracy to distribute and possess with intent to distribute controlled substances); 21 U.S.C. §841(a)(1) (distribution and possession with intent to distribute controlled substances); 18 U.S.C. §1952 (travel in interstate commerce to promote drug trafficking offenses); 18 U.S.C. §1956 (money laundering); and 18 U.S.C. §2 (aiding and abetting).